IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Genora Flemmings, | Civil Action No. 6:09-2220-RBH-WMC |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Verizon Wireless, | |
| Defendant. | |

This matter is before the court on the defendant's motion for sanctions (doc. 35). In her complaint, the plaintiff, who is proceeding *pro se*, alleges that the defendant, her former employer, terminated her employment based upon her age in violation of the Age Discrimination in Employment Act ("ADEA").[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On February 10, 2010, the defendant filed a motion to compel the plaintiff to respond to a request for production served upon her on December 3, 2009. The defendant gave the plaintiff several extensions of time to produce the documents, but she failed to do so. The plaintiff did not file any opposition to the motion to compel, and this court granted the motion on March 4, 2010. The plaintiff was directed to produce the requested material no later than March 26, 2010.

---

[1] The plaintiff actually cited the Americans with Disabilities Act in her complaint. However, as her claim is based upon her age, and she makes no mention of a disability in her complaint, it appears that this citation was in error.

On April 1, 2010, the defendant filed the motion now before this court. The plaintiff has failed to provide the requested documents to the defendant. In response to the motion for sanctions, the plaintiff filed a document stating she "would like to file a motion not to share information with [the defendant's] lawyers."

On April 28, 2010, this court issued an order noting that it was impossible to address the plaintiff's opposition to the requested discovery without knowing which documents she objects to and the basis for her objections. Accordingly, the motion for sanctions was held in abeyance, and the plaintiff was directed to file a list of the documents she objects to producing and the reasons for her objections on or before May 10, 2010. The court informed the plaintiff that if she fails to participate in discovery and obey this court's orders, or otherwise fails to prosecute her case, the case may be dismissed pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). Discovery in this case closed on May 14, 2010. As of today's date, the plaintiff has failed to file the requested information.

Rule 37 provides that if a party fails to obey a discovery order, the court may issue sanctions including dismissing the action. Fed.R.Civ.P. 37(b)(2)(A)(v). Further, Rule 41 provides that if a party "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41((b).

The plaintiff has failed to participate in discovery, and she has failed to obey two court orders directing her to do so. Based upon the foregoing, this court recommends that the defendant's motion for sanctions (doc. 35) be granted and that the case be dismissed.

s/William M. Catoe
United States Magistrate Judge

May 18, 2010
Greenville, South Carolina